**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
CHRISTINA FUSCA, on behalf of herself and   )
all others similarly situated,              )   Case No.
                                            )
                    PLAINTIFF,              )
                                            )
v.                                          )   CLASS ACTION COMPLAINT
                                            )
TEMPLE UNIVERSITY,                          )   JURY TRIAL DEMANDED
                                            )
                    DEFENDANT.              )
                                            )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

**CLASS ACTION COMPLAINT**

Plaintiff, Christina Fusca ("Plaintiff"), by and through her undersigned counsel, brings this class action against Defendant, Temple University (the "University" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to her, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit on behalf of all persons who paid, or will pay, tuition and/or fees[1] to attend Temple University (the "University") for an in-person, hands on education for the Spring 2020 semester, Summer 2020 semester, and any future semester, and had their

---

[1] Plaintiff, through her undersigned counsel, is investigating the potential claim for housing reimbursements. The University has provided prorated refunds to students for housing who vacated prior to March 21, 2020. The University required those students who were unable to leave campus by March 21, 2020, to apply for a housing extension by March 19, 2020, or risk losing their refund. Plaintiff reserves the right to amend this Complaint if housing refunds were not provided, or if extensions were arbitrarily denied.

course work moved to online learning. Such persons paid all or part of the tuition and mandatory student fees described herein (the "Mandatory Fees").

2. The University has not refunded any amount of the tuition or Mandatory Fees, even though it ceased in-person learning since March 13, 2020.

3. Due to the University's response to the Coronavirus Disease 2019 ("COVID-19") pandemic, by mid-March, the University ceased or severely limited any of the services or facilities that tuition and Mandatory Fees were intended to cover.

4. The University's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 13, 2020, is a breach of the contracts between the University and Plaintiff and the members of the Class, and is unjust.

5. In short, as to tuition, Plaintiff and the members of the Class have paid tuition for a first-rate education and educational experience, with all the appurtenant benefits offered by a first-rate university, and were provided a materially deficient and insufficient alternative, which alternative constitutes a breach of the contracts entered into by Plaintiff and the Class with the University.

6. As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which were simply not provided; this failure also constitutes a breach of the contracts Plaintiff and the Class entered into with the University.

7. Plaintiff seeks, for herself and Class members, the University's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees proportionate to the amount of time in the semesters when the University switched to online distance learning.

## PARTIES

8. Plaintiff Christina Fusca is a citizen of Pennsylvania. She paid to attend the Spring 2020 semester at Temple University as a full-time graduate student.

9. Plaintiff paid tuition and the Mandatory Fees for the Spring 2020 semester to enable her to obtain an in-person, on-campus educational experience, and enable her to participate in the activities and to utilize the services covered by the Mandatory Fees that she paid.

10. She has not been provided a pro-rated refund of the tuition or Mandatory Fees even though her in-person classes were discontinued and moved online, and the University's facilities were closed or access was severely limited and events and gatherings were cancelled.

11. Temple University is a public university established in 1884. The University offers numerous major fields for undergraduate students, as well as a number of graduate programs. Defendant's undergraduate program includes students from many, if not all, of the states in the country.

12. The University's principal campus is located in Philadelphia, Pennsylvania. Defendant is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

14. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in this District.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

**FACTUAL ALLEGATIONS**.

16. Plaintiff and Class Members paid or will pay to attend Temple University, including tuition and/or the Mandatory Fees.

17. The Spring semester at the University began on or about January 13, 2020 and ended on or around April 27, 2020.[2] The University has two summer semesters. The "Summer I" semester at the University began on or about May 11, 2020, and ended on or about June 22, 2020.[3] The "Summer II" began on or about June 23, 2020 and is scheduled to end on or about August 7, 2020 (Summer I and Summer II are also collectively referred to herein as the "Summer 2020 semester")[4].

18. Tuition costs at the University for the Spring 2020 and Summer 2020 semesters were as follows:

---

[2] https://www.temple.edu/registrar/documents/calendars/19-20.asp.
[3] *Id.*
[4] *Id.*

4

## 2019-2020 TUITION

Tuition costs are priced per credit, as shown below by school and college for all graduate programs. The amounts listed are applicable for the Fall and Spring terms, as well as the various Summer sessions, of the 2019-2020 academic year:

| School/College/Program | Pennsylvania Residents | Out-of-State Residents |
|---|---|---|
| **Tyler School of Art and Architecture** | | |
|     Architecture | $1,138 | $1,493 |
|     Fine Arts (M.F.A.) | $1,142 | $1,516 |
|     All other programs | $942 | $1,297 |
| **Center for the Performing and Cinematic Arts/Boyer College of Music and Dance** | $1,068 | $1,423 |
|     w/the exception of Music Education M.M. (online) | $784 | $784 |
| **Center for the Performing and Cinematic Arts/School of Theater, Film and Media Arts** | $1,051 | $1,406 |
| **Fox School of Business and Management** | | |
|     M.Acc.[1] | $1,114 | $1,114 |
|     Executive M.B.A. | $1,999 | $1,999 |
|     Executive D.B.A. | $2,300 | $2,300 |
|     M.B.A. | | |
|     > Global[1] | $1,188 | $1,245 |
|     > Online | $1,245 | $1,245 |
|     > Part-Time[1] | $1,188 | $1,188 |
|     M.S. programs, including Business Analytics, Digital Innovation in Marketing, Financial Analysis and Risk Management, Financial Engineering, Human Resource Management (online), Information Technology Auditing and Cyber Security, Innovation Management and Entrepreneurship, Investment Management, Marketing, and Statistics and Data Science[1] | $1,114 | $1,114 |
|     M.S. programs not listed above[1] | $1,114 | $1,245 |
|     Ph.D. programs | $898 | $1,231 |
| **Kornberg School of Dentistry** | $1,400 | $1,400 |

5

| | | |
|---|---|---|
| **College of Education** | $942 | $1,297 |
| w/the exception of Executive Educational Leadership programs | $1,184 | $1,513 |
| w/the exception of Jamaica doctoral program | $1,074 | $1,074 |
| w/the exception of Jamaica master's program | $1,191 | $1,191 |
| **College of Engineering** | $1,135 | $1,490 |
| **Beasley School of Law** | $874 | $1,127 |
| **College of Liberal Arts** | $942 | $1,297 |
| **Lew Klein College of Media and Communication** | $1,051 | $1,406 |
| **Lewis Katz School of Medicine** | | |
| Biomedical Sciences | $944 | $1,295 |
| Physician Assistant | $737 | $773 |
| Urban Bioethics | $1,889 | $2,229 |
| **School of Pharmacy** | $1,072 | $1,358 |
| **College of Public Health** | $988 | $1,358 |
| w/the exception of Social Work | $942 | $1,297 |
| w/the exception of online programs, including Social Work | $975 | $975 |
| **College of Science and Technology** | $1,159 | $1,514 |
| **School of Sport, Tourism and Hospitality Management** | $933 | $1,082 |

[5]

19.     The Mandatory Fees charged by the University are as follows:

**2019-2020 FEES**

Each academic term, all enrolled students are assessed the "University Services Fee," which funds activities, computers and technology, facilities, and student health services:

| # of Credits | Fall and Spring Terms Fee | Fee per Summer Session |
|---|---|---|
| 9+ | $445 | $224 |
| 5.0-8.9 | $319 | $170 |
| 1.0-4.9 | $163 | $102 |

Other fees are exclusive to graduate students on an "event" basis:

| Graduate School Event | Fee |
|---|---|
| Application | |
| Online | $60 |
| Paper | $75 |
| Deposit | $100 minimum[1] |
| Leave of Absence | $25 |
| Dissertation/Thesis Processing | $50 |
| Certificate | $25 |

[6]

---

[5] https://bulletin.temple.edu/graduate/tuition-fees/
[6] https://bulletin.temple.edu/graduate/tuition-fees/

6

20. The University's Mandatory Fee covers the following in-person benefits to the students for each semester:

**University Services Fee**

All students are assessed the non-refundable University Services Fee every semester. The University Services fee is a single, comprehensive fee that helps fund a number of university services, including:

- Funding for state-of-the art computer equipment and technologies to provide support for the students' academic experiences, including e-mail access and modern lab facilities;
- Access to all student activities, events and recreational facilities;
- Expansion and maintenance of recreational and academic facilities to enhance and improve student life;
- Availability of basic student health and treatment services provided by nurses and physicians on campus.

[7]

21. Plaintiff and the members of the Class paid all or part of the applicable tuition for the benefit of on-campus, live, interactive instruction and an on-campus educational experience throughout each semester.

22. Plaintiff and the members of the Class paid the Mandatory Fees for each semester so that they could benefit from on-campus activities, events, recreational facilities, lab facilities, and health and treatments services "on campus."

23. The University has retained the value of the tuition and Mandatory Fees, while failing to provide the services for which they were paid.

24. Members of the Class have demanded the return and/or future discount of the prorated portion of tuition and Mandatory Fees, and have taken to online petitions to demand the same.[8]

---

[7] https://bursar.temple.edu/tuition-and-fees/explanation-fees.
[8] https://www.change.org/p/temple-university-temple-university-partial-tuition-reimbursement; https://www.change.org/p/temple-university-lower-temple-university-fall-2020-tuition?signed=true.

25. Despite the demand from members of the Class, the University has not provided any refund of the tuition and Mandatory Fees, and continues to retain the monies paid by Plaintiff and the Class.

### *In Response to COVID-19, the University Closed Campus, Preventing Access to its Facilities and Services, and Cancelled All In-Person Classes*

26. In response to the COVID-19 pandemic, the University created a new section for its website to post news alerts and updates, and to answer frequently asked questions.[9]

27. On March 11, 2020, the University announced that March 13 would be the last day for in person classes, and starting on March 16, all classes would resume in a remote online format only.[10]

28. From March 12, 2020, through March 19, the University made decisions to suspend or close intramural activities and sports leagues, technology loan programs, libraries, technology centers, student centers and meetings areas for the remainder of the semester.[11] In addition, all dining halls and on-campus eateries offered take-out options only.

29. On March 12, the University advised that all students should return home and move out of University housing as soon as possible, or by March 21 at the latest.[12] Students who were unable to move out were given until March 19 to make other living arrangements, or apply for a housing extension. The University only provided pro-rated refunds for housing costs to students who moved out on or before March 21, or who filed an extension by March 19, 2020, and received University approval.[13]

---

[9] https://www.temple.edu/coronavirus.
[10] https://news.temple.edu/announcements/2020-03-11/covid-19-update-temple-university-classes-move-fully-online-and-alternative.
[11] https://templeupdate.com/a-temple-students-guide-to-covid-19/.
[12] https://news.temple.edu/announcements/2020-03-12/covid-19-update-information-students.
[13] https://templeupdate.com/a-temple-students-guide-to-covid-19/.

8

30. On March 23, 2020, the University cancelled "all campus activities" through May 31, including its Spring 2020 semester Commencement ceremony.[14]

31. In the March 23 announcement, the University moved its Summer I semester classes to a remote online format.[15] The University later announced on June 2, 2020 that almost all classes during the Summer II semester would be conducted in a remote online format.[16]

32. The University has not held any in-person classes since March 13, 2020. Classes that have continued since that time have only been offered in a remote online format with no in-person instruction or interaction.

### *The University's Online Courses Are Subpar to In-Person Instruction, For Which Plaintiff and the Class Members Contracted with the University to Receive by Paying Tuition and Fees*

33. Students attending the University did not choose to attend an online institution of higher learning, but instead chose to enroll in the University's in-person educational program.

34. On its website, the University repeatedly markets its on-campus experience as a benefit of enrollment:

---

[14] https://news.temple.edu/announcements/2020-03-23/update-our-campus-community.
[15] https://news.temple.edu/announcements/2020-03-23/update-our-campus-community.
[16] https://news.temple.edu/announcements/2020-06-02/update-plans-fall.

## Main Campus

Located close to the heart of central Philadelphia, our Main Campus pulses with vibrant energy thanks to numerous new building projects and the 11,000 students living on or around campus. Outside of class, students choose from a diverse range of activities on campus and in the surrounding city. Temple has more than 300 student organizations, Division I sporting events, and over 1,000 arts and music events on campus each year. Take the Broad Street line a few stops south to find yourself in the center of Philadelphia's thriving food and restaurant scene, shopping districts, museums, galleries and cultural venues. Proximity to downtown Philadelphia affords Temple students the excitement of a big city without giving up the close-knit feel of a traditional campus setting.

[17]

## Life at Temple

You will never be bored at Temple. On a daily basis, you can choose from an eclectic array of cultural, athletic and social activities, such as student-run clubs, community-service projects, athletic events and musical performances.

These activities aren't simply time fillers. They're also opportunities to meet fellow students and expand your personal and professional networks.

[18]

35. The online learning options being offered to the University's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was. During the online portion of the semesters, the University offered some classes through Zoom or through pre-recorded lectures for students to watch on their own. Some classes, however, provided no live or recorded lectures and provided only self-

---

[17] https://admissions.temple.edu/about/our-campuses.
[18] https://www.temple.edu/life-at-temple.

10

teaching assignments. Therefore, there was a significant lack of classroom interaction among teachers and students, and among individual students that is instrumental in interpersonal skill development.

36. The online formats being used by the University do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

37. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

38. Access to facilities such as class rooms, libraries, laboratories, computer labs, and study rooms, are also integral to a college education, and access to the myriad activities offered by campus life fosters social development and independence, and networking for future careers, all substantial and material parts of the basis upon which the University can charge the tuition it charges, are not being provided.

39. The University has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters during the period it moved to subpar online distance learning.

40. Nor has the University refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the semesters even though it limited access to or ceased the services and facilities for which the Mandatory Fees were intended to pay.

41. Plaintiff and the Class members are therefore entitled to a pro-rated refund of the tuition and Mandatory Fees they paid for the semesters after classes moved from in-person to online and facilities were closed or severely limited.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All persons who paid tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 semester, Summer 2020 semester, and any future semesters at Temple University but had their class(es) moved to online learning (the "Class").

43. Excluded from the Class is Defendant, its subsidiaries and affiliates, its officers, directors and members of their immediate families and any entity in which Defendant has a controlling interest, the legal representative, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

44. Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary before this Court determines whether certification is appropriate.

45. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

46. The requirements of Rule 23(a)(1) have been met. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, the University is reported as having more than 39,000 students enrolled for the 2019-2020 academic year. [19] The number of students enrolled in the Summer 2020 semester and any future semester is unknown to Plaintiff. The identity of all such students is known to the Defendant and can be identified through the University's records. Class members may be notified

---

[19] https://www.temple.edu/ira/documents/data-analysis/at-a-glance/Temple-At-a-Glance-2019-2020.pdf.

12

of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

47. The requirements of Rule 23(a)(2) have been met. There are questions of law and fact common to the members of the Class including, without limitation:

   a. Whether the University accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as access to certain facilities and services throughout each respective semester;

   b. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

   c. Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

   d. Whether Defendant is unjustly enriched by retaining a portion of the tuition and Mandatory Fees during the period of time the University has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

   e. Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the tuition and Mandatory Fees were intended to

       pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class; and

    f.   The amount of damages and other relief to be awarded to Plaintiff and the Class members.

48.   The requirements of Rule 23(a)(3) have been met. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and access to the services and facilities for the Mandatory Fees that they paid, that the University stopped providing in mid-March.

49.   The requirements of Rule 23(a)(4) have been met. Plaintiff is an adequate class representative because her interests do not conflict with the interests of the other Class members whom she seeks to represent, Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

50.   Class certification of Plaintiff's claims is also appropriate pursuant to Rule 23(b)(3) because the above questions of law and fact that are common to the Class predominate over questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the University. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized

litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

### FIRST CLAIM FOR RELIEF

**BREACH OF CONTRACT**
**(On Behalf of Plaintiff and the Class)**

51. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

52. Plaintiff brings this claim individually and on behalf of the members of the Class.

53. By paying the University tuition and the Mandatory Fees for each semester, the University agreed to, among other things, provide an in-person and on-campus live education, as well as access to the services and facilities to which the Mandatory Fees they paid pertained throughout each semester. As a result, Plaintiff and each member of the Class entered into a binding contract with the University.

54. The University has failed to provide this contracted for in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters, yet has retained monies paid by Plaintiff and the Class for a live, in-person education and access to these services and facilities during the semesters. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

55. Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the University's breach in the amount of the prorated portion of the tuition and

Mandatory Fees they each paid during the remainder of the semesters when classes were moved online and the University ceased access to certain services and facilities.

56. The University should return such portions to Plaintiff and each Class Member.

## **SECOND CLAIM FOR RELIEF**

### **UNJUST ENRICHMENT**
### **(On Behalf of Plaintiff and the Class)**

57. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

58. Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief.

59. Plaintiff and members of the Class conferred a benefit on the University in the form of tuition and Mandatory Fees paid for the semesters. The payment of the tuition and Mandatory Fees were to be in exchange for an in-person and on-campus live educational experience, and for services and facilities to which the Mandatory Fees pertained throughout the semesters.

60. The University has retained the full benefit of the tuition and Mandatory Fees payments by Plaintiff and the members of the Class for the semesters, yet has failed to provide the quality of education and services and facilities for which tuition and the Mandatory Fees were paid, including those for an in-person and on-campus live education, and full access to the University's services and facilities.

61. The University's retention of the portion of the tuition and Mandatory Fees during the period of time the University moved to a remote online education program and closed or limited access to services and facilities, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid, is unjust and inequitable under the circumstances.

62. Accordingly, the University should return the prorated portion of the tuition and Mandatory Fees that Plaintiff and the Class members each paid during the semesters after it switched to online remote learning and ceased activities and access to facilities.

### THIRD CLAIM FOR RELIEF

#### CONVERSION
#### (On Behalf of Plaintiff and the Class)

63. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

64. Plaintiff brings this claim individually and on behalf of the members of the Class.

65. Plaintiff and members of the Class have a right to the services, facilities, and face to face instruction that was supposed to be provided in exchange for their payments of tuition and Mandatory Fees to the University.

66. The University intentionally interfered with the rights of the Plaintiff and the Class when it moved all in-person classes to a remote online format, cancelled all on-campus events, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class.

67. Class members demanded the pro-rata return of their tuition and Mandatory Fees for the period of time in the semesters when the University switched to remote online learning and stopped providing the services for which the Mandatory Fees were intended to pay.

68. The University's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid.

69. The University's interference with the services for which Plaintiff and the Class paid harmed Plaintiff and the Class in that the University has retained monies that rightfully belong to the Plaintiff and Class.

70. Plaintiff and the Class are entitled to the return of the remaining pro-rated amounts of tuition and Mandatory Fees for the remainder of the semesters after it switched to online remote learning and ceased activities and access to facilities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory damages in an amount to be determined by the trier of fact;

(d) For an order of restitution and all other forms of equitable monetary relief;

(e) Awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

(f) Awarding pre- and post-judgment interest on any amounts awarded; and,

(g) Awarding such other and further relief as may be just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: July 14, 2020							Respectfully submitted,

*s/ Gary F. Lynch*
Gary F. Lynch
Edward W. Ciolko
James P. McGraw, III
**CARLSON LYNCH LLP**
1133 Penn Avenue
5th Floor
Pittsburgh, PA 15222
P (412) 322-9243
F. (412) 231-0246
E. glynch@carlsonlynch.com
   eciolko@carlsonlynch.com
   jmcgraw@carlsonlynch.com


*Counsel for Plaintiff and Proposed Class*